Sarah M. Coniglio, Esq.
Jadeja-Cimone Law, PC.
50 Clinton Street, Suite 501
Hempstead, NY 11550
Attorney for Petitioner

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN JORDAN CHACON,      ) <br>      ) <br> *Petitioner,*      ) <br>      ) <br> v.      ) <br>      ) <br> PAM BONDI, *Attorney General of the*      ) <br> *United States*, KRISTI NOEM, *Secretary of*      ) <br> *the Department of Homeland Security,*      ) <br> TODD M. LYONS, *Acting Director, United*      ) <br> *States Immigration and Customs Enforcement*,      ) <br> *in their official capacities,* BRIAN FLANAGAN,      ) <br> *Acting Deputy Field Office Director for ICE in*      ) <br> *New York City Area, in their official capacities,*      ) <br>      ) <br> *Respondents.*      ) <br> _____) | Case No.  2:26-cv-1550 <br><br> **PETITION FOR WRIT OF** <br> **HABEAS CORPUS** |

## <u>INTRODUCTION</u>

1. Juan Jordan Chacon ("Petitioner"), **A 222-516-540,** is a citizen of El Salvador who has lived in the United States since approximately 2005.

2. Petitioner was detained by Immigration and Customs Enforcement on March 14, 2026, in Hicksville, New York while on his way to work.

3. Upon information and belief, Petitioner was initially detained at Nassau County Correctional Facility in East Meadow, New York.

4.  Petitioner was placed into immigration removal proceedings on March 16, 2026. Upon information and belief, Petitioner has never previously been in immigration removal proceedings.

5.  Petitioner is scheduled for a Master Calendar Hearing before Immigration Judge Dara Reid on March 24, 2026.

6.  Petitioner is currently detained at the Brooklyn Metropolitan Detention Facility (MDC), according to the ICE Detainee Locator.

7.  Petitioner resides in Hicksville, New York, with his two native-born United States Citizen children, ages 15 and 12.

8.  Until this year, people in Petitioner's position have been able to seek bond before the Executive Office for Immigration Review ("EOIR"), as their detention is clearly discretionary under 8 U.S.C. § 1226.

9.  DHS has recently significantly altered its interpretation of the Government's detention authority during the pendency of removal proceedings to require mandatory detention of all noncitizens charged with entering the United States without inspection, subjecting millions of noncitizens such as Respondent to mandatory prolonged detention without opportunity for release on bond, allegedly under 8 U.S.C. § 1225, no matter how long they have resided in the country.

10. The plain language of § 1225 does not apply to petitioner, and denial of a bond hearing violates the INA, the APA, and the Due Process Clause of the Fifth Amendment.

11. Petitioner asks this Court to find that his detention is covered by § 1226, and order that he be released.

## JURISDICTION & VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. § 2241 (the general grant of habeas authority to the district court); Art. I § 9, cl. 2 of the U.S. Constitution ("Suspension Clause"); 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 2201, 2202 (Declaratory Judgment Act).

13. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

14. A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

15. Federal courts also have federal question jurisdiction, through the APA, to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). APA claims are cognizable on habeas. 5 U.S.C. § 703 (providing that judicial review of agency action under the APA may proceed by "any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus"). The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702.

16. Venue is proper in this district pursuant to 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 1391(b)(2) and (e)(1) as Petitioner is a resident of Nassau County, was detained in Nassau County, and is being held by ICE on Long Island.

## REQUIREMENTS OF 28 U.S.C. § 2243

17. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Petitioners "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Petitioners to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

18. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## **PARTIES**

19. Petitioner is currently detained by ICE. According to Detainee Locator, he is currently detained at MDC in Brooklyn, New York.

20.  Pam Bondi is the Attorney General of the United States. She oversees the immigration court system, which is located within the Executive Office for Immigration Review ("EOIR") and includes all Immigration Judges and the Board of Immigration Appeals ("BIA"). She is sued in her official capacity.

21. Kristi Noem is the is the Secretary of DHS, which oversees ICE, and is responsible for administering and enforcing the immigration laws. She is the ultimate custody of Petitioner. She is sued in her official capacity.

22. Todd M. Lyons is the Acting Director of United States Immigration and Customs Enforcement, the agency which detained Petitioner. He is sued in his official capacity.

23. Brian Flanagan is the Acting Deputy Field Office Director for ICE in the New York City Area. He is sued in his official capacity.

## LEGAL FRAMEWORK

### 8 U.S.C. § 1225(b) DOES NOT APPLY TO RESPONDENT

24. The INA generally provides for three forms of civil detention for noncitizens in removal proceedings. First, 8 U.S.C. § 1226 authorizes the detention of noncitizens arrested "on a warrant" pending the resolution of standard removal proceedings before an IJ. See 8 U.S.C. § 1229(a). Unless they have been arrested, charged with, or convicted of certain enumerated crimes, which would subject them to mandatory detention until their removal proceedings are concluded, see 8 U.S.C. § 1226(c), an individual detained under § 1226(a) can be released by ICE on bond or conditional parole. See 8 U.S.C. § 1226(a)(1); 8 C.F.R. § 236.1(c)(8). If release is denied by ICE, the detainee can seek a custody redetermination before an IJ (*i.e.*, bond hearing) at the outset of their detention, see 8 C.F.R. §§ 1003.19(a), 1236.1(d). At the hearing, the noncitizen may present evidence to show they are not a flight risk or danger to the community and should therefore be released on bond. See generally Matter of Guerra, 24 I. & N. Dec. 37, 50 (BIA 2006); Maldonado Vasquez v. Feeley, *et al*., 2:25-cv-01542-RFB-EJY (D. Nevada, 09/17/2025).

25. Second, the INA imposes mandatory detention of noncitizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) and of an "applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" under § 1225(b)(2). Individuals detained under § 1225(b)

receive no bond hearing, see 8 U.S.C. § 1225(b)(1)(B)(ii), (iii)(IV), (b)(2)(A), and can only be released under humanitarian parole at the arresting agency's (i.e., ICE) discretion. See Jennings v. Rodriguez, 583 U.S. 281, 288 (2018); 8 U.S.C. § 1192(d)(5).

26. Lastly, and not relevant here, the INA provides for detention of noncitizens who have been issued a final order of removal. See 8 U.S.C. § 1231(a)-(b).

27. This case concerns the mandatory versus discretionary detention provisions under § 1226(a) and § 1225(b)(2), which were enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. No. 104-208, Div. C, §§ 302–03, 110 Stat. 3009-546, 3009–582 to 3009–583, 3009–585. Section 1226 was most recently amended this year by the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025).

28. DHS is holding Petitioner in mandatory detention based on the Board of Immigration Appeal's ("BIA's") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) holding that anyone who entered without inspection, no matter how long ago, is subject to 8 U.S.C. § 1225(b).

29. Respondent's longstanding practice has been to apply § 1226(a) to noncitizens like Petitioner, who are charged as removable under INA § 212(a)(6)(A)(i).

30. The Respondents' new policy of applying § 1225(b)(2)(A) to all noncitizens present in the United States without admission is unpersuasive. Such an interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.

31. Courts have given great weight to the manner in which DHS treated the petitioner in determining which detention statute applies. See Lopez Benitez, 2025 WL 2371588, at *3

(holding that § 1225 did not apply because (1) DHS had consistently treated petitioner as subject to discretionary detention under § 1226(a) and (2) the "plain text, overall structure, and uniform case law interpreting" the statutory provision compels the conclusion).

32. For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States. Rivera Zumba v. Bondi, 2025 WL 2753496 at 19 (D.N.J. Sept. 26, 2025). The Jennings Court explicitly adopts this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." 583 U.S. at 289. And although the Jennings Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. Id. at 303.

33. This Court need not defer to the September 5, 2025 BIA decision, Matter of Yajure Hurtado, and its newly-minted interpretation of § 1225(b)(2)(A). See Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400-01 (2024) (observing that while "agencies have no special competence in resolving statutory ambiguities," "[c]ourts do"); see also Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944) (explaining that the "weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control").

34. As explained by the  District Court in <u>Salcedo Aceros v. Kaiser, et al.</u>, the BIA's "current position is inconsistent with its earlier pronouncements" which took the opposite position, and under <u>Loper,</u> "the Court has no obligation to defer to the BIA's view, particularly when that view has not 'remained consistent over time.'"  2025 WL 2637503, at *9 (N.D. Cal. Sept. 12, 2025) (quoting <u>Loper,</u> 603 U.S. at 386; citing <u>Skidmore,</u> 323 U.S. at 140).

35. To suddenly hold § 1225(b)(2)(A) to apply to all noncitizens who have not been admitted to the United States disregards the plain meaning of § 1225(b)(2)(A) and is inconsistent with decades of prior statutory interpretation and practice.

36. Since DHS' has implemented its new policy, Courts around the country have found Petitioners such as Respondent to be detained under § 1226(a).[1]

37. Petitioner's mandatory detention under § 1225 also violates his right to due process of law. "[T]he Due Process Clause applies to all 'persons' within the United States, including

---

[1] *See, e.g.*, *Belsai v. Bondi, et al.*, No. 25-cv-3862 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. C25-4048-LTS-MAR, --- F.Supp.3d ---, 2025 WL 2712417 (N.D. Iowa Sept. 23, 2025); *Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729 (D. N.M. Sept. 17, 2025); *Vasquez Garcia v. Noem*, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Lopez-Campos v. Raycraft*, No. 2:25- cv-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, No. 3:25-cv- 01093-JE, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Leal-Hernandez v. Noem*, No. 1:25-cv-02428-JRR, 2025 WL 2430025 (D. Md. Aug. 24, 2025); *Romero v. Hyde*, No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Arrazola-Gonzalez v. Noem*, No. 5:25-cv-01789-ODW, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Aguilar Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Rocha Rosado v. Figueroa*, No. CV 25-02157, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025), *report and recommendation adopted* 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); *Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2267803 (S.D.N.Y. Aug. 8, 2025); *Martinez v. Hyde*, No. CV 25-11613-BEM, 2025 WL 2084238, at *9 (D. Mass. July 24, 2025); *Gomes v. Hyde*, No. 1:25-cv-11571-JEK, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

[noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "Freedom from imprisonment--from government custody, detention, or other forms of physical restraint--lies at the heart of the liberty that [the Due Process] Clause protects." Id. at 690 (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)); see also Mathews v. Davis, 426 U.S. 67, 77 (1976) (explaining that due process "protects every [noncitizen] from deprivation of life, liberty, or property without due process of law. Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection") (internal citations omitted). Rivera Zumba v. Bondi, 2025 WL 2753496 at 20-21 (D.N.J. Sept. 26, 2025).

38. The adequacy of due process for civil detainees is generally guided by the three-part balancing test articulated in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The Mathews factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335. Here, the first and second Mathews factors weigh heavily in petitioner's favor, as he has been deprived of liberty, erroneously subjected to mandatory detention under § 1225 during his removal proceedings, and denied due process protections, including the right to seek bond. The third Mathews factor also weighs in Petitioners favor as neither the government nor the public has a significant interest in detaining a man with no serious criminal history. See generally 8 U.S.C. § 1229. Petitioner's mandatory detention is not authorized by § 1225, serves no legitimate purpose, and amounts to punitive detention, warranting habeas relief.

## CLAIMS FOR RELIEF

### FIRST CLAIM

**Violation of the Due Process Clause of the Fifth Amendment to the United
States Constitution (Substantive Due Process); 5 U.S.C. §§ 702, 706**

39. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

40. Petitioner is not a flight risk nor is he a danger to the community. Respondents' detention of Petitioner is therefore unjustified and unlawful. Accordingly, Petitioner is being detained in violation of his Constitutional right to Due Process under the Fifth Amendment.

### SECOND CLAIM

**Violation of the Due Process Clause of the Fifth Amendment to the United States

Constitution (Procedural Due Process); 5 U.S.C. §§ 702, 706**

41. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

42. The Due Process Clause of the Fifth Amendment protects all "person[s]" from deprivation of liberty "without due process of law."

43. The Due Process Clause entitles Petitioner to a meaningful process assessing whether his detention is justified.

44. The arrest and detention of Petitioner without an opportunity for him to contest his detention in front of a neutral decisionmaker after he had been living in the United States

provides insufficient process and violates the Due Process Clause of the Fifth Amendment of the Constitution.

## THIRD CLAIM

### Violation of the Immigration and Nationality Act

45. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

46. The mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to the grounds of inadmissibility. As relevant here, it does not apply to those who previously entered the country and have been residing in the United States prior to being detained by Respondents. Such noncitizens are detained under § 1226(a), unless they are subject to § 1225(b)(1), § 1226(c), or § 1231.

## FOURTH CLAIM

### Violation of the Administrative Procedures Act ("APA")

47. Petitioner repeats and re-alleges the allegations contained in all preceding paragraphs of this Petition-Complaint as if fully set forth herein.

48. Respondents' detention of Respondent is arbitrary and capricious.

49. The APA requires the Court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). APA claims are cognizable on habeas. 5 U.S.C. § 703 (providing that judicial review of agency action under the APA may proceed by "any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or

mandatory injunction or habeas corpus"). The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)    Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(3)    Issue an Order Preventing Respondents from transferring Petitioner outside of the New York City metropolitan area to allow him to meaningfully participate in these proceedings;

(4)    Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment and the APA;

(5)    Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner;

(6)    Grant any further relief this Court deems just and proper.

Respectfully submitted,

*/s/ Sarah M. Coniglio, Esq.*

Sarah M. Coniglio, Esq.
Jadeja-Cimone Law, PC.
50 Clinton Street, Suite 501
Hempstead, NY 11550
Attorney for Petitioner

Dated: March 16, 2026

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Juan Jordan Chacon, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

March 16, 2026

/s/ Sarah M. Coniglio, Esq.